# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CYNTHIA ALDRICH, Individually
and in the Capacity as Personal
Representative for the Estate of Don C.
Aldrich, deceased; PORTFOLIO
RECOVERY ASSOCIATES, LLC; and
HENNEPIN COUNTY, MINNESOTA,

      Defendants.

Civil No. 16-387 (JNE/SER)
ORDER

Plaintiff the United States of America brought this action against Defendant Cynthia Aldrich ("Ms. Aldrich"), individually and in her capacity as personal representative for the Estate of Don C. Aldrich ("Mr. Aldrich"), deceased, to reduce to judgment certain unpaid federal tax assessments against Mr. Aldrich's estate and to enforce federal tax liens on certain real property. The Government moves for entry of default judgment against Ms. Aldrich.

The Government filed its Complaint in this action on February 17, 2016, against Ms. Aldrich and the two other named defendants. On March 2, the Government filed a waiver of service of summons submitted by counsel for Ms. Aldrich. Dkt. No. 4. The deadline for Ms. Aldrich to file an answer or otherwise respond to the Complaint was April 18. She did not answer or otherwise respond by that date or at all. On June 3, the Government applied for entry of default against Ms. Aldrich pursuant to Federal Rule of Civil Procedure 55(a). Dkt. No. 11. Several days later, the Clerk of Court entered Ms. Aldrich's default. Dkt. No. 13. On August 16, pursuant to Federal Rule of Civil Procedure 55(b), the Government filed its Motion for Default Judgment as to Ms. Aldrich [Dkt. No. 23] ("Motion"). In support of the Motion, the Government also filed two exhibits, Dkt. No. 29, and a declaration by Deborah Olson of the St.

Paul, Minnesota, office of the Internal Revenue Service ("IRS"), Dkt. No. 26.  Attached to Ms. Olson's declaration were 19 exhibits.  Ms. Aldrich did not oppose the Motion, and the deadline for filing an opposition has passed.

After default has been entered, if a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the plaintiff may request that the clerk enter default judgment for that amount, Fed. R. Civ. P. 55(b)(1), or otherwise may apply to the court for a default judgment, Fed. R. Civ. P. 55(b)(2).  When moved pursuant to Rule 55(b)(2), the court may conduct hearings when it considers them necessary.  *See id.*  In this instance, the Court deems a hearing to be unnecessary; the Government's Motion can be decided on the papers submitted. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

In considering the Motion, the Court accepts the allegations in the Complaint to be true and determines "whether the unchallenged facts constitute a legitimate cause of action . . . ." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).  The Complaint alleges that Mr. and Ms. Aldrich jointly filed their 2003, 2004, 2005, 2006, 2007, and 2009 federal income tax returns late and their 2010 federal income tax return timely.  Compl. ¶ 9, Dkt. No. 1.  For each of these years, the IRS assessed taxes owing, statutory additions (penalties), and interest, which at the time the Complaint was filed were alleged to total over $250,000.  *Id.* ¶ 10.[1]  The IRS issued notices of these assessments to Mr. and Ms. Aldrich and made demands for payment, but they failed to pay the assessments detailed in the Complaint.  *Id.* ¶¶ 11-12.  After Mr. Aldrich passed away in 2012, Ms. Aldrich was appointed the personal representative of Mr. Aldrich's estate (the "Estate").  *Id.* ¶ 13.  The IRS then granted Ms. Aldrich relief from joint and several liability for her and Mr. Aldrich's tax

---

[1] The Complaint does not allege that IRS imposed penalties based on taxpayer fraud or the conduct penalized addressed in 26 U.S.C. §§ 6700-02.

assessments, such that the Estate is liable for the full amount of the assessments. *Id.* ¶¶ 14-15. These allegations, taken as true, suffice to establish the Estate's liability for the amounts assessed and the statutory additions and interest that accrue until payment. An assessment is "an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). "It is well established" that an assessment "is entitled to a legal presumption of correctness." *Id.* The taxpayer (Ms. Aldrich in her capacity as personal representative of the Estate) bore the burden of disproving the Government's assessment, *see Mattingly v. United States*, 924 F.2d 785, 787 (8th Cir. 1991), including as to statutory additions for failure to file, failure to pay, or underpayment of estimated tax, *see Ledbetter v. Comm'r*, 837 F.2d 708, 711 (5th Cir. 1988). By defaulting, Ms. Aldrich instead is deemed to have admitted the correctness of the assessments. Fed. R. Civ. P. 8(b)(6).

The Estate's liability includes interest and statutory additions that continue to accrue (with certain limits) until payment of the assessments. In support of its Motion, the Government submitted documentation of the IRS's assessments of the Estate's liability for the tax years at issue, in the form of Certificates of Assessments, Payments, and Other Specified Matters. *See* Olson Decl. ¶ 5 & Exs. 1-7, Dkt. Nos. 26 & 26-1. Certificates of Assessments "establish the fact of assessment and carry with them a presumption of validity and that the assessments they reflect were properly made." *Hefti v. I.R.S.*, 8 F.3d 1169, 1172 (7th Cir. 1993); *see also United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[T]he Certificates of Assessments and Payments submitted by the government here are sufficient to establish the validity of the assessments."). In addition, the Government submitted copies of Account Transcripts for the Estate that showed its accrued liabilities for each of the tax years at issue as of the Government's filing of the Motion. Olson Decl. ¶ 10 & Exs. 12-18, Dkt. Nos. 26 & 26-4. Ms. Olson also submitted a document that

she attested accurately detailed the liabilities owed by the Estate for each relevant tax year as of July 18, 2016:

>Tax Year 2003, $39,388.87;
>Tax Year 2004, $50,533.32;
>Tax Year 2005, $41,410.23;
>Tax Year 2006, $50,913.31;
>Tax Year 2007, $29,716.93;
>Tax Year 2009, $24,778.99; and
>Tax Year 2010, $17,164.95.

*Id.* ¶ 11 & Ex. 19, Dkt. Nos. 26 & 26-5. The Certificates of Assessment submitted reflect statutory additions for failure to timely file, failure to pay, and underpayment of estimated tax. *See, e.g.*, Olson Decl. Ex. 1 at 1. By law, some of these statutory additions continue to accrue up to certain limits, and interest on assessments also accrues until payment. *See* 26 U.S.C. §§ 6601(a), 6651(a). The Government is thus entitled to judgment in the amount of $253,906.60, plus statutory additions and interest accruing from July 18, 2016.

The Government also seeks a finding that there are valid and subsisting federal tax liens on certain property for the Estate's unpaid liabilities, and that the Government may enforce those liens to partially satisfy the judgment. If a taxpayer does not pay assessed tax liabilities, "then the amount automatically becomes a tax lien on all property belonging to the taxpayer . . . ." *Pagonis v. United States*, 575 F.3d 809, 812 (8th Cir. 2009) (citing 26 U.S.C. § 6321). In its Complaint, the Government alleged that Mr. Aldrich owned real property located at 1146 14th Avenue, S.E., Minneapolis, Minnesota 55414, with the following legal description: "Lots 22 and South ½ of 23, Block 2, Elwell's Second Addition to Minneapolis" (the "Property"). Compl. ¶ 17. The Complaint further alleged that the Property was subject to federal tax liens as a result of the assessments described in the allegations. *Id.* ¶ 18. The Government submitted a certified copy of the warranty deed for the Property, as well as certified copies of notices of federal tax

4

liens on the Property relating to the assessments for tax years 2003-2007 and 2009-2010. Ex. B, Dkt. No. 29-2; Olson Decl. Exs. 9-11, Dkt. Nos. 26-3. The Court is satisfied that federal tax liens for the assessments discussed above arose and attached to the Property. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985). Federal tax liens, however, are not self-executing. *Id.* at 720. The Government has thus properly sought through this action to execute on the liens against the Property. *See* 26 U.S. § 7403.

The Court must determine the merits of any claims on the Property, including whether Ms. Aldrich has any claim on it. *See id.* § 7403(c). The Government joined in this action several additional parties who it anticipated might make claims on the Property: Ms. Aldrich in her personal capacity, Defendant Portfolio Recovery Associates, LLC, and Defendant Hennepin County, Minnesota. Compl. ¶¶ 5-7. In separate orders, the Court already determined that Portfolio Recovery Associates "has no rights, claims, or interest" in the Property, and that Hennepin County by stipulation consented to a judgment enforcing federal tax liens against the Property, but that any lien interest that Hennepin County may have in the Property is superior to the United States' lien interests in the Property. Aug. 11, 2016 Order, at 2, Dkt. No. 22; Aug. 1, 2016 Order, Dkt. No. 21 (approving and adopting the stipulation filed by Hennepin County on July 27, 2016, Dkt. No. 19). Moreover, in light of Ms. Aldrich's default, the Court finds that she, in her personal capacity, has no right, claim, or interest in the Property. *See, e.g.*, *United States v. Norlem*, Civ. No. 07-4799 (JRT/FLN), 2009 WL 2998528, at *1 (D. Minn. Aug. 25, 2009), *report and recommendation adopted*, 2009 WL 5943237 (D. Minn. Sept. 15, 2009). The Court therefore grants the Government's motion for entry of default judgment against Ms. Aldrich in her personal capacity on Count II of the Complaint. The Court further finds that the

6

federal tax liens on the Property may be enforced.  It notes, however, that the Government has not yet requested an order of sale.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT the United States' Unopposed Motion for Default Judgment as to Defendant Cynthia Aldrich [Dkt. No. 23] is GRANTED.


Dated: September 28, 2016                                                s/ Joan N. Ericksen
                                                                                    JOAN N. ERICKSEN
                                                                                    United States District Judge